**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

PAUL T.,

                    Plaintiff,

        v.

FRANK BISIGNANO,
Commissioner of Social Security,

                    Defendant.

Case No. 5:25-cv-01209-AB (KES)

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

        Pursuant to 28 U.S.C. section 636, the Court has reviewed the Complaint, the records on file, and the Report and Recommendation of United States Magistrate Judge ("Report").  Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

        The Report recommends that the decision by the Commissioner of Social Security to deny Plaintiff's application for disability benefits be affirmed.  (Dkt. No. 21.)  Plaintiff's objections to the Report do not warrant a different result.

        Plaintiff objects that the Report erred in finding that the Administrative Law Judge ("ALJ") properly evaluated the opinion of Plaintiff's chiropractor, Dr. Stewart.  (Doc. No. 23 at 3-5.)  Dr. Stewart, who was not an acceptable medical source under the agency's regulations, found that Plaintiff was limited to no lifting

more than ten pounds and no prolonged walking, sitting, and standing, as well as no repetitive lifting, bending, gripping or raising arms.  (Dkt. No. 8-12 at 315.)  Even though Dr. Stewart was not an acceptable medical source, the ALJ still analyzed her opinion as if she were, by considering the factors of supportability and consistency before concluding the opinion was not persuasive.  *See Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022) (the most important factors when evaluating the persuasiveness of medical opinions are supportability and consistency).  Specifically, the ALJ found Dr. Stewart's opinion was "not consistent with the prior administrative medical findings." (Dkt. No. 8-3 at 29.)  The prior administrative medical findings were made by state agency physicians who found, among other things, that Plaintiff could lift up to 20 pounds and could perform work with no or few limitations in handling or reaching.  (Dkt. No. 21 at 6 (citing Dkt. No. 8-4 at 14-15, 37-38).)  The ALJ also found Dr. Stewart's opinion was "not supported by the record showing management of [Plaintiff's] pain complaints with conservative treatment with no specific treatment for his right shoulder after May 2022 giving the appearance that it was mild or resolved" and by records about Plaintiff's wrist showing no "abnormal objective physical findings until early 2023 and early 2024" which postdated his complaints in April 2022.  (*Id.*)  The ALJ also cited medical evidence for his findings.  (*Id.* (citing Dkt. No. 8-8 at 31-35, 440; Dkt. No. 8-9 at 308-12; 318-21; Dkt. No. 8-12 at 318-22).)  The ALJ's conclusion that Dr. Stewart's opinion was not persuasive was supported by substantial evidence, or "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).

Plaintiff objects that the Report erred in finding that the ALJ's residual functional capacity ("RFC") assessment accounted for Plaintiff's leg pain and swelling.  (Doc. No. 23 at 6-7.)  But the ALJ found that one of Plaintiff's severe impairments was deep vein thrombosis and assessed an RFC that limited Plaintiff to sedentary work, which requires standing or walking for up to two hours in an eight-

hour workday.  (Dkt. No. 8-3 at 22, 24; Dkt. No. 21 at 10.)  No RFC limitations that were more restrictive than what the ALJ assessed were suggested by any of the medical evidence on which Plaintiff relies for his allegations of leg pain and swelling.  (Dkt. No. 13 at 26 (citing Dkt. No. 8-8 at 319; Dkt. No. 8-9 at 402, 455; Dkt. No. 8-10 at 31).)  Thus, Plaintiff "does not detail what other physical limitations follow from the evidence of his [leg condition], besides the limitations already listed in the RFC.  [The Court] reject[s] any invitation to find that the ALJ failed to account for [Plaintiff's] injuries in some unspecified way."  *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 692 n.2 (9th Cir. 2009).

It is ordered that (1) the Report and Recommendation is approved and accepted; and (2) the decision of the Commissioner denying benefits is affirmed.

DATED: April 14, 2026

_____
HON. ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE